# THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH

| | |
|---|---|
| **TYLER J. WELLS,** | **MEMORANDUM DECISION AND ORDER TO AMEND COMPLAINT** |
| **Plaintiff,** | |
| **v.** | **Case No. 2:22-cv-00460-JNP-JCB** |
| **STATE OF UTAH, UTAH ATTORNEY GENERAL, and UTAH JUDICIAL COMMITTEE,** | **District Judge Jill N. Parrish** |
| **Defendants.** | **Magistrate Judge Jared C. Bennett** |

District Judge Jill N. Parrish referred this case to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(B).[1] Before the court is pro se Plaintiff Tyler J. Wells's ("Mr. Wells") complaint.[2] Mr. Wells has been permitted to proceed in forma pauperis under 28 U.S.C. § 1915.[3] Accordingly, the court reviews the sufficiency of Mr. Wells's complaint under the authority of the IFP Statute. As shown below, Mr. Wells's three causes of action fail as a matter of law. However, because there is a possibility that the problems with at least one of Mr. Wells's causes of action could be repaired by additional pleading, the court grants Mr. Wells an opportunity to file an amended complaint by November 20, 2022.

---

[1] ECF No. 7.

[2] ECF No. 5.

[3] ECF No. 4.

## **BACKGROUND**

Mr. Wells alleges in his complaint that on June 23, 2022, an officer at the Utah Third District Court ordered him to wear a mask while in the State Law Library.[4] Mr. Wells states that upon arrival at the library, "two members of the [public] and a librarian" were utilizing the library.[5] "Only one was wearing a mask . . . ."[6] The librarian did not ask Mr. Wells to wear a mask and proceeded to set up a work station for Mr. Wells.[7] Approximately 45 minutes later, an officer entered the library and "[asked] [Mr. Wells] where his [m]ask was and [whether] he had gone through a court security check."[8] "Mr. Wells informed [the officer] that there was no sign stating [that there was] a mask mandate or the order/rule [to which] the officer was referring."[9] "Upon leaving the library, Mr. Wells asked the officer why [Mr. Wells] was the only one that the officer was confronting when others were also not wearing masks."[10] Mr. Wells also asked about accommodations and religious exemptions to the mask requirement, and the officer and his supervisor informed Mr. Wells that these were unavailable.[11]

---

[4] ECF No. 5 at 3–4.

[5] *Id.* at 3.

[6] *Id.*

[7] *Id.* at 3–4.

[8] *Id.* at 4.

[9] *Id.*

[10] *Id.*

[11] *Id.*

The following day, Mr. Wells called the office of Utah State Representative Karianne Lisonbee ("Rep. Lisonbee").[12] Later, "Mr. Wells received a text stating [Rep. Lisonbee] was busy and could not speak."[13] On or around July 4, 2022, Mr. Wells hand-delivered a "notice of violations claim" and "requested an appointment" with the Utah Attorney General or a member of his staff "to avoid any unnecessary litigation."[14] On July 5, 2022, Mr. Wells called the Utah Attorney General's office "in an attempt to speak with a member of the staff or to schedule a meeting."[15] Mr. Wells claims that he did not receive a response from either Rep. Lisonbee or the Utah Attorney General before filing his complaint on July 11, 2022.[16]

Mr. Wells appears to allege that the Utah Third District Court staff "refused entrance" and did not offer Mr. Wells "reasonable accommodations," by requiring him to wear a mask while using the State Law Library.[17] He states that the Utah Attorney General has declined to resolve "civil rights and Constitutional issues outlined in this complaint," thus depriving Mr. Wells of due process.[18] Mr. Wells also appears to challenge the constitutionality of mask mandates

---

[12] *Id.* at 5.

[13] *Id.*

[14] *Id.*

[15] *Id.*

[16] *Id.* at 5–6.

[17] *Id.* at 5, 7.

[18] *Id.* at 6.

generally.[19] Specifically, Mr. Wells alleges one cause of action under "Title 42," and two causes of action under 42 U.S.C. § 1983.[20]

## LEGAL STANDARDS

Under the IFP Statute, the court is required to "dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted."[21] In determining whether a complaint fails to state a claim for relief under the IFP Statute, the court employs the same standard used for analyzing motions to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6).[22] Under that standard, the court "accept[s] as true the well pleaded factual allegations and then determine[s] if the plaintiff has provided enough facts to state a claim to relief that is plausible on its face."[23] More specifically, the court "look[s] to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief. Rather than adjudging whether a claim is 'improbable,' '[f]actual allegations [in a complaint] must be enough to raise a right to relief above the speculative level.'"[24]

In analyzing Mr. Wells's complaint, the court is mindful that he is proceeding pro se and that "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent

---

[19] *Id*. at 2. (stating that "[t]here have been no exemptions cut out for [r]eligious [b]eliefs" and that "[t]here are no provisions to protect the public or special interests of groups under the [C]ivil [R]ights [A]ct of 1964 or the Americans with Disabilities Act of 1990").

[20] *Id*. at 1, 4–5.

[21] 28 U.S.C. § 1915(e)(2)(B)(ii).

[22] *Id.*

[23] *Hogan v. Winder*, 762 F.3d 1096, 1104 (10th Cir. 2014) (internal citation and quotation marks omitted).

[24] *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)) (second and third alterations in original) (other quotations and citation omitted).

standard than formal pleadings drafted by lawyers."[25] However, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant."[26] Consequently, the court "will not supply additional facts, nor will [it] construct a legal theory for [a pro se] plaintiff that assumes facts that have not been pleaded."[27]

## ANALYSIS

The court orders Mr. Wells to amend his complaint because, as demonstrated below, Mr. Wells's three causes of action fail as a matter of law. First, even if this court liberally construes Mr. Wells's ambiguous "Title 42" claim as a cause of action under Title III of the Americans with Disabilities Act ("ADA"),[28] he fails to state a claim upon which relief can be granted. Second, Mr. Wells's two claims under 42 U.S.C. § 1983 fail because the State of Utah and its agencies cannot be sued thereunder. Each issue is discussed in order below.

### I.   Mr. Wells's Claim Under Title III of the ADA Fails as a Matter of Law.

Mr. Wells cannot state a plausible claim for relief under Title III of the ADA because he has failed to plead sufficient facts showing that he is a person with a disability. To adequately plead a claim under Title III of the ADA, a plaintiff must allege facts that allow a court to plausibly find that: "(1) [the plaintiff] is disabled within the meaning of the ADA; (2) [the

---

[25] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see also Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003).

[26] *Bellmon*, 935 F.2d at 1110.

[27] *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) (per curiam).

[28] The court liberally and generously construes Mr. Wells's "Title 42" claim as a Title III claim under the ADA because the complaint mentions a failure to reasonably accommodate, and the State Law Library is a place of public accommodation under Title III. Therefore, the court assumes that Mr. Wells is attempting to plead a Title III claim under the ADA.

defendant] is a private entity that owns, leases, or operates a place of public accommodation; (3) that [the plaintiff] was deprived of the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation; and (4) [the defendant] failed to make reasonable modifications which would accommodate [plaintiff's] disability without fundamentally altering the nature of the public accommodation."[29] Title III of the ADA defines an individual as "disabled" if that individual: "(A) [has] a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) [has] a record of such impairment; or (C) [is] being regarded as having such an impairment."[30]

Here, Mr. Wells has not presented any facts in the complaint allowing the court to plausibly find that he is disabled under the ADA. For example, Mr. Wells alleges that he "is a [p]erson [p]rotected under the [ADA] and that "[h]e requires some reasonable accommodations in everyday activities to maintain a semi-independent free life and be granted the same rights that any other person would be without such accommodations." [31] These are legal conclusions—not facts—and the court does not have to accept them as true.[32] Consequently, these conclusory allegations do not sufficiently allow the court to find that he plausibly: (1) suffers from a physical or mental impairment that substantially limits one or more major life activities, (2) has a record of such impairment; or (3) is regarded as having such an impairment. Given that Mr.

---

[29] *Dahlberg v. Avis Rent A Car System, Inc.*, 92 F.Supp.2d 1091, 1100 (D. Colo. 2000).

[30] 42 U.S.C. § 12102(1).

[31] ECF No. 5 at 6.

[32] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.").

Wells fails to state sufficient facts for the court to plausibly find that he is disabled, he fails to state a claim under the ADA.[33]

## II.     Mr. Wells's Claims Under 42 U.S.C. § 1983 Fail as a Matter of Law.

Mr. Wells's two causes of action under 42 U.S.C. § 1983 fail as a matter of law because the State of Utah and its agencies cannot be defendants thereunder. The United States Supreme Court determined that "neither a State nor its officials acting in their official capacities are 'persons' under [section] 1983."[34] The named Defendants in Mr. Wells's two claims under section 1983 are either the State of Utah itself or state government entities. Because the State of Utah and its agencies cannot be sued under section 1983, Mr. Wells's two claims under section 1983 fail as a matter of law.

## III.     The Court Permits Mr. Wells to Amend His Complaint.

Based upon the foregoing analysis, Mr. Wells's three causes of action fail as a matter of law. However, Mr. Wells may be able to cure these deficiencies with adequate allegations in an amended complaint. Therefore, the court orders Mr. Wells to submit an amended complaint by November 20, 2022. The court will then address whether Mr. Wells's amended complaint states a claim for relief. If it fails to do so, it will be subject to dismissal with prejudice.

---

[33] *See, e.g.*, *E.E.O.C. v. C.R. England, Inc.*, 644 F.3d 1028, 1037–38 (10th Cir. 2011) (A "prima facie case of disability discrimination under the ADA" includes a showing that plaintiff "is a disabled person as defined by the ADA.").

[34] *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

## <u>CONCLUSION AND ORDER</u>

The court ORDERS as follows:

1. Mr. Wells is ordered to file an amended complaint by November 20, 2022. The words "Amended Complaint" should appear in the caption of the document.

2. Once filed, the court will screen the proposed amended complaint under 28 U.S.C. § 1915 and DUCivR 3-2(b).

3. Mr. Wells's failure to file an amended complaint may result in a recommendation to dismiss this action.

DATED this 21st day of October 2022.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge